IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ASPEN LICENSING INTERNATIONAL, INC.,

    Plaintiff,

vs.

MILK & HONEY APPAREL, INC. d/b/a
DIVISION E,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ASPEN LICENSING INTERNATIONAL, INC. sues MILK & HONEY APPAREL, INC., doing business as DIVISION E, and alleges the following:

### THE PARTIES

1. ASPEN LICENSING INTERNATIONAL, INC. (hereafter "ALI") is a Florida corporation with its principal business located at 2020 Seabird Way, Riviera Beach, Florida 33404, within Palm Beach County and the Southern District of Florida.

2. MILK & HONEY APPAREL, INC. is a California corporation doing business as DIVISION E, a fictitious business name, (hereafter "DIVISION E") with its principal place of business at 3461 East 14th Street, Los Angeles, CA 90023 and may be served with process at this location. DIVISION E's registered agent for service of process is Oren Benmoshe at 3461 East 14th Street, Los Angeles, CA 90023.

1

## JURISDICTION AND VENUE

3. This is a civil action for injunctive relief and damages for violations of the Lanham Act, 15 U.S.C. §1051, et seq.

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND FACTS

6. ALI, through its predecessors in interest, owns the goodwill for the trademark "ASPEN" going back to the 1940's when the mark was applied to a line of rugged functional ski wear and became a top brand for skiers demanding performance apparel. Today, ALI licenses the use of its ASPEN mark in association with a wide variety of goods and clothing, including men's, women's and children's jeans.

7. ALI is the owner of the trademark "ASPEN", Federal Registration Number 1,810,824, in International Class 25 for clothing, including jeans. A copy of the registration is attached hereto as "Exhibit A".

8. DIVISION E is a designer and creator of various lines of apparel that are sold by numerous brick and mortar retailers and on-line retailers. Through these various retailers, DIVISION E products are advertised for sale, sold to, and shipped in interstate commerce to Florida customers, including Florida customers located in this judicial district.

9. In or about the fall of 2007 DIVISION E began selling jeans branded as "Aspen" jeans. Internet website pages from various retailers reflect ASPEN branded jeans distributed by DIVISION E, available for purchase.

10. On October 29, 2009, ALI contacted DIVISION E, advising DIVISION E that it was infringing on ALI's trademark and requested that it stop doing so. DIVISION E refused to stop the infringement. Despite repeated requests, DIVISION E continues to use the "Aspen" name up through and including February 4, 2010.

## COUNT ONE

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. §1114)

11. Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 10 of this complaint.

12. ALI owns the federally registered trademark ASPEN, Federal Registration Number 18,810,824 in International Class 25 for clothing.

13. DIVISION E, without authority or permission from ALI, has marketed and sold in interstate commerce jeans covered by ALI's trademark. These jeans have been sold into the State of Florida and into this District by DIVISION E.

14. ALI, its predecessors in interest, or its licensees, developed, adopted and began using the ASPEN trademark in interstate commerce before DIVISION E adopted and began using the ASPEN mark.

15. Defendant's use of ALI's ASPEN trademark is without ALI's authorization.

16. The use by DIVISION E of a mark that is identical to ALI's Trademark has caused, and will continue to cause, the purchasers to be confused as to the source of the products.

17. By virtue of DIVISION E's actions, there is a likelihood of confusion between ALI's authorized products and DIVISION E's products. DIVISION E's conduct constitutes an infringement of ALI's registered mark under § 1114 of the Lanham Act (15 U.S.C. § 1114).

18. Upon information and belief, DIVISION E has acted knowingly and intentionally in misappropriating ALI's ASPEN trademark in an effort to trade off the goodwill established by ALI over the past decades.

19. DIVISION E will continue its infringement activities unless enjoined by this Court.

20. ALI has no adequate remedy at law and ALI will suffer irreparable injury to its business, reputation and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

21. DIVISION E conduct has caused ALI to suffer actual damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendant, MILK & HONEY APPAREL, INC. d/b/a DIVISION E for:

    a. a temporary and permanent injunction against Defendant prohibiting Defendant from manufacturing, importing, marketing, distributing and selling jeans under ALI's ASPEN mark; and

    b. a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

    c. damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

    d. the delivery by Defendant, its agents, employees, and all holding with, through or under them, or anyone acting on its behalf, to be impounded during the pendency of

this action, of all articles alleged to infringe ALI's registered trademark; and

    e. the delivery by Defendant, its agents, employees, and all holding with, through or under it, or anyone acting on its behalf, for destruction following a final decision in this action, of all infringing materials;

    f. reasonable attorneys' fees; and

    g. the costs of this action; and

    h. such other and further relief as the Court deems proper.

## COUNT TWO

### (Unfair Competition Under U.S.C. 1125(a))

22. Plaintiff, ALI, incorporates and realleges Paragraphs 1 through 10 of this complaint.

23. Defendant, DIVISION E, by its unauthorized appropriation and use of the ASPEN Trademark, has engaged, and is continuing to engage, in acts of wrongful deception to the purchasing public, wrongful designation as to the source and sponsorship of goods, wrongful deprivation of ALI's good name and reputation, and the wrongful deprivation of ALI's right to public recognition and credit as the true source of the jeans sold under the ASPEN brand.

24. No later than the fall of 2007, Defendant began marketing, selling and distributing jeans under the ASPEN trademark, resulting in consumer confusion as to the source of the jeans. Such conduct constitutes an unfair trade practice and unfair competition pursuant to 15 U.S.C. § 1125(a) of the Lanham Act, and has damaged Plaintiff.

WHEREFORE, Plaintiff, ASPEN LICENSING INTERNATIONAL, INC., requests judgment against Defendant, MILK & HONEY APPAREL, INC. d/b/a DIVISION E for:

   a. a temporary and permanent injunction against Defendant prohibiting Defendant from manufacturing, importing, marketing, distributing and selling jeans under ALI's ASPEN mark; and

   b. a written report, in accordance with 15 U.S.C. §1115, filed with the Court and served on counsel for ALI withing ten days from the entry of any injunction, setting forth in detail the manner and form in which defendants have complied with the terms of the injunction; and

   c. damages as the Court shall deem just and proper under the provisions of the Lanham Act; and

   d. the delivery by Defendant, its agents, employees, and all holding with, through or under them, or anyone acting on its behalf, to be impounded during the pendency of this action, of all articles alleged to infringe ALI's registered trademark; and

   e. the delivery by Defendant, its agents, employees, and all holding with, through or under it, or anyone acting on its behalf, for destruction following a final decision in this action, of all infringing materials;

   f. reasonable attorneys' fees; and

   g. the costs of this action; and

   h. such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Submitted this 4th day of February, 2010.

RUTHERFORD MULHALL, P.A.
Attorneys for Plaintiff
PGA Financial Plaza, Suite 240
3399 PGA Boulevard
Palm Beach Gardens, FL 33410-2804
(561) 691-8111 (telephone)
(561) 625-6186 (facsimile)
Kjohnson@rmlawyer.com


By:_____
        KENNETH N. JOHNSON
        Florida Bar No.: 0070841

J:\Work\LIT\A - B\Aspen Licensing Intl. Inc\11734.002--adv Milk & Honey\Complaint.wpd

RUTHERFORD MULHALL, P.A.
Attorneys for Plaintiff
PGA Financial Plaza, Suite 240
3399 PGA Boulevard
Palm Beach Gardens, FL 33410-2804
(561) 691-8111 (telephone)
(561) 625-6186 (facsimile)
Kjohnson@rmlawyer.com

By: _____
KENNETH N. JOHNSON
Florida Bar No.: 0070841

J:\Work\LIT\A - B\Aspen Licensing Intl. Inc\11734.002--adv Milk & Honey\Complaint.wpd